## Case No. 8,424.

The LIZZIE WESTON.

[Blatchf. Pr. Cas. 144.] [1]

District Court, S. D. New York. April Term, 1862.

PRIZE—VIOLATION OF BLOCKADE.

Vessel and cargo condemned as enemy property, and for a violation of the blockade.

In admiralty.

## Case No. 8,425.

The LIZZIE WESTON.

[Blatchf. Pr. Cas. 265.] [1]

District Court, S. D. New York. Dec. Term. 1862.

JUDGMENT—TERM OF COURT ENDED — POWER TO OPEN.

This court, as a prize court, has no power to open a decree after the expiration of the term or session in which it was rendered.

In admiralty.

BETTS, District Judge. A final decree was entered in this suit in September term last. [Case No. 8,424.] On the 15th and 17th of November the counsel for one of the claimants moved the court, on affidavits alleging circumstances of equity in behalf of such

[1] [Reported by Samuel Blatchford, Esq.]      [1] [Reported by Samuel Blatchford, Esq.]

claimants, to open that decree, and award a compensation of about $12,000 to the claimant intervening, because of supposed interests of his affected by the decree. The motion was opposed by the libellants. The general rule of practice clearly prevailing in courts of law and admiralty is, that the power of a court over a judgment terminates with the sitting of the court which renders the judgment. The sitting is not necessarily limited to the particular day on which the judgment is pronounced, but includes and is restricted to the term or session of the court in which it is rendered. Hudson v. Guestier, 7 Cranch [11 U. S.] 1; Whiting v. Bank of U. S., 13 Pet. [38 U. S.] 13; Washington Bridge Co. v. Stewart, 3 How. [44 U. S.] 424; Bank of U. S. v. Moss, 6 How. [47 U. S.] 31; The Martha [Case No. 9,144]; U. S. v. The Glamorgan, [Id. 15,214]. An entire term (October) having, in this case, intervened after the final decree rendered in the suit, the court has no authority, on the application of either party, to reopen that decree at this time, and make a new disposition of the subject. The general practice of the prize court conforms to that of the admiralty on its instance side (2 Stat. 761, § 6), and thus corresponds in essential features with that of the high court of admiralty of England (Sup. Ct. Rule No. 7, of Aug. S, 1791, 1 How. [42 U. S.] xxiv.; Jennings v. Carson, 4 Cranch [8 U. S.] 2). The instances which may occur in equity courts in England of a deviation thereafter from the foregoing rule do not affect its permanency and effect in the courts of admiralty within the United States. The motion to open the decree for further proceedings is therefore denied.